**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAGE PENK,

     Plaintiff - Appellant,

v.

THE HONORABLE DONALD
RUMSFELD, SECRETARY OF
DEFENSE,

     Defendant - Appellee.

No. 02-1005
(D.C. No. 01-WM-2014)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **EBEL** and **LUCERO**, Circuit Judges.

On October 10, 2001, Appellant filed an "Emergency Complaint and

Motion for Mandamus" before the district court, which the district court sua

sponte dismissed for lack of subject matter jurisdiction. We affirm the district

court's denial of Appellant's motion.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

In his complaint below, Appellant asserted that Secretary Rumsfeld failed to file a report regarding "work" concerning the use of non-lethal weapons during his term of office, and that such a report was required by statute, cited by him as 61 Stat. 343, § 202 (b),[1] and a 1997 Executive Order issued by former President Clinton. Plaintiff claims that the statute requires the Secretary of Defense to submit "annual written reports to the president and Congress" on "expenditures, work and accomplishments of the National Military Establishment." ROA 4 (Dist. Ct. Ord. at 1.) The Executive Order Appellant cites, No. 13,045, requires federal agencies to "make it a high priority to identify and assess environmental health risks and safety risks that may disproportionately affect children[.]" 62 Fed. Reg. 19,885 (April 21, 1997.)

As noted by the district court, a writ of mandamus is an extraordinary remedy that may only be granted if a petitioner shows that his right to the writ is "clear and indisputable." Weston v. Mann (In re Weston), 18 F.3d 860, 864 (10th Cir. 1994). Even if a petitioner meets the strict requirements for mandamus, the issuance of a writ is nevertheless a matter of discretion. See Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976). Here, as the district court noted, neither

---

[1] Plaintiff does not provide a valid citation for this statute, and neither the district court nor we can find a statute setting forth these requirements. (Dist. Ct. Ord. at 3 n.1.)

the statute alleged by petitioner nor the Executive Order[2] create a cause of action in favor of Appellant. Therefore, we affirm the denial of Appellant's motion for substantially the same reasons as stated by the district court. To the extent that Appellant requests a hearing en banc for his motion for mandamus, that request is also denied, as no member of the panel has requested a poll.[3] See Fed. R. App. Pro. 35 (f).

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[2] The Executive Order expressly states: "This order shall not be construed to create any right to judicial review involving compliance or noncompliance with this order by the United States, its agencies, its officers, or any other person." Exec. Order No. 13,045 § 7, 62 Fed. Reg. 19,885 (April 21, 1987).

[3] On appeal, Appellant filed an "Emergency Motion for En Banc Mandamus to Prevent the Indictment of the Respondent and Other Americans in the Coming International Criminal Court."